**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAIME ESTUPINAN-DE LA HOYA, AKA Jaime Estupian De La Hoya, | No. 13-72377 |
| Petitioner, | Agency No. A077-305-146 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jaime Estupinan-De La Hoya, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and we deny the petition for review.

The record does not compel reversal of the agency's determination that Estupinan-De La Hoya failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(A), where he received voluntary return following an arrest by the State Department and testified that he spent four to six hours in custody of the Department of Homeland Security during which time immigration officials probably told him that he would be put in removal proceedings, *see Zarate v. Holder*, 671 F.3d 1132, 1135-1138 (9th Cir. 2012) (noting that the evidence required to show a formal documented process sufficient to terminate an alien's continuous physical presence will vary from case to case, and describing circumstances that constitute a formal documented process in which voluntary return may interrupt continuous physical presence).

**PETITION FOR REVIEW DENIED.**